**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

In re: )
)
Violet M. Wright, ) Case No.: 05-44839-BGC-13
)
Debtor. )

**Order Under § 362(c)(4)
Confirming the Stay Is Not In Effect**

### I. Background

The matter before the Court is the <u>Motion to Confirm Absence of Stay by 21st Mortgage Corporation</u> filed on December 13, 2005. After notice, a hearing was held on January 11, 2006. Appearing were the debtor; her attorney Kenneth Rogers; Stuart Albea for Matthew Tompkins, the attorney for 21st Mortgage Corporation; and Brad Caraway, the attorney for the Chapter 13 Trustee.

### II. Findings of Fact

The facts necessary to decide the pending matter are not disputed.

This debtor has filed four cases. Those are:

1. Case No. 01-40197-JSS-13 was filed on January 17, 2001. It was dismissed on July 20, 2001.

2. Case No. 04-43778-BGC-13 was filed on November 9, 2004. Confirmation was denied and it was **dismissed on May 6, 2005**.

3. Case No. 05-43304-BGC-13 was filed on September 22, 2005. It was **dismissed on October 21, 2005**.

4. Case No. 05-44839-BGC-13, **the current case, was filed on December 2, 2005**. The pending <u>Motion to Confirm Absence of Stay by 21st Mortgage Corporation</u> was filed on December 13, 2005.

As the above demonstrates, the debtor had two cases pending within the year previous to filing her current case, both were dismissed.

## III. Issue

The issue is whether the automatic stay provided for in section 362 of the Bankruptcy Code went into effect when the current case was filed. That issue is governed by section 362(c)(4) of the Bankruptcy Code. 11 U.S.C. § 362(c)(4).

## IV. Conclusions of Law

### A. Section 362(c)(4)

Section 362(c)(4) reads:

(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and

(ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

(B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

(C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and

(D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

(I) as to all creditors if--

(I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

(II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was

2

caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

11 U.S.C. § 362(c)(4).

## B. Subsections of Section 362(c)(4)

Section 362(c)(4) has three operative parts.

### 1. Subsection 362(c)(4)(A)

One, subsection (c)(4)(A)(i) explicitly provides that the automatic stay shall not go into effect when a debtor files a bankruptcy case, if that debtor has had two or more bankruptcy cases pending and dismissed within the previous year. Under subsection (c)(4)(A)(ii), if a party in interest requests, the court shall enter an order confirming that the stay is not in effect.

### 2. Subsections 362(c)(4)(B) & (C)

Two, subsection (c)(4)(B) explicitly provides for a thirty day period in which a party in interest may request for the stay to take effect in the current case. If that request is made and granted, under subsection (c)(4)(C) the stay is effective from the date the order granting the request is entered.

### 3. Subsections 362(c)(4)(D)

Three, subsection (c)(4)(D) provides that if a party in interest makes a <u>subsection (c)(4)(B)</u> request within thirty days, in deciding whether to establish the stay, the court may consider the factors listed in subsection (c)(4)(D), in addition to the circumstance that the debtor has had two or more cases pending and dismissed within a year of the current filing.

## C. Application of the Law
## to the Facts

The parties disagree about the application of the subsections of section 362(c)(4). While they agreed at the hearing that the debtor has had two cases pending and dismissed within the year previous to the current filing, and as such the stay did not go into effect when the current case was filed, they disagree about what factors the Court should consider in deciding whether to enter an order validating that no stay is in effect in this case.

The movant argues, because the debtor did not make a subsection (c)(4)(B) request for the stay to go into effect, that the plain language of the statute requires the Court to enter an order that the stay is not in effect without considering any other factors.

While not making a formal request, the debtor appears to argue that the Court should consider the factors enumerated in subsection (c)(4)(D), as she recounted at the hearing the many difficult and heart-rendering circumstances she has recently had to endure.

The introduction to subsection (c)(4)(D) reads, "for purposes of subparagraph (B)...." 11 U.S.C. § 362(c)(4). That restriction is not lifted elsewhere in either subsection (c)(4)(D) or section 362. Consequently, even if this Court wanted to consider the debtor's unfortunate circumstances, it cannot. The statute is clear. While the circumstances the debtor described may very well be of the subsection (c)(4)(D) type this Court would consider under a subsection (c)(4)(B) request, as the statute reads, consideration of the subsection (c)(4)(D) factors is restricted to a subsection (c)(4)(B) request. No such request has been made.

The only issue then is for the Court to decide whether the automatic stay provided for in section 362 of the Bankruptcy Code went into effect when the debtor filed her current case.

Section 362(c)(4)(A)(i) explicitly provides that the automatic stay shall not go into effect when a debtor files a bankruptcy case, if that debtor has had two or more bankruptcy cases pending and dismissed within the previous year. This debtor has had two bankruptcy cases pending and dismissed within the previous year. Therefore, the Court must hold that the stay did not go into effect when the current case was filed.

## V. Order

Based on the above, it is **ORDERED**:

1. The <u>Motion to Confirm Absence of Stay by 21st Mortgage Corporation</u> is **GRANTED**;

4

2. Pursuant to section 362(c)(4)(A)(ii), the Court confirms that the stay is not in effect in this case;

3. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

DONE this the 2nd day of February, 2006.

/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BC:pb